**SO ORDERED.**

**SIGNED this 11 day of March, 2013.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

LEE THOMAS GATELY and                    CASE NO. 12-06145-8-JRL
DONNA LEAH GATELY,
                                          CHAPTER 13
    DEBTORS.

### ORDER

This matter came before the court on the debtors' motion requiring Holly Hill Hospital, LLC ("Holly Hill") to appear and show cause why sanctions should not be imposed and damages assessed for its alleged willful violations of the automatic stay. A hearing took place in Raleigh, North Carolina on March 6, 2013.

Lee Thomas Gately ("male debtor) and Donna Leah Gately ("female debtor") (collectively "debtors") filed a joint voluntary petition for relief under chapter 13 of the Bankruptcy Code on August 24, 2012. On Schedule F, filed along with their petition, the debtors listed Holly Hill as having an unsecured claim in the amount of $5,195.00. The debtors' chapter 13 plan, as amended on February 1, 2013, provided for monthly payments of $81.00 for six months, followed by monthly payments of $94.00 for the remaining thirty months, resulting in a total of $3,306.00.

1

On January 15, 2013, the debtors filed the motion currently before the court to require Holly Hill to appear and show cause why sanctions and damages should not be awarded for its alleged violations of the automatic stay. The debtors contend that Holly Hill's continuous demands for payment of the prepetition obligation, after it had actual or constructive notice of the bankruptcy filing, are willful, intentional and malicious. The debtors allege that damages incurred by the debtors and reasonable attorneys' fees and costs should be charged against Holly Hill. Copies of the statements and collection notices sent by Holly Hill were attached to the debtors' motion.

The actions of Holly Hill which are the subject of this motion began after the bankruptcy filing. On September 25, 2012, Holly Hill sent a statement requesting payment of $1,275.00 for services rendered to the female debtor in June 2012. The statement directed the receiptant to remit payment immediately. On October 3, 2012, the debtors' counsel informed Holly Hill, through written correspondence, that the debtors had filed a voluntary petition on August 24, 2012 and indicated that its actions were believed to be in violation of the automatic stay. The letter also warned that any further actions in violation of the automatic stay could result in damages and costs assessed against Holly Hill. Despite this correspondence, the debtors received a collection notice from the patient account representative at Holly Hill on December 17, 2012, seeking payment of $350.00. This collection notice stated that the female debtor's account was past due and if payment was not received within ten days, it would be referred to the physician for collection proceedings.

In addition to the ten statements and collection notices sent to the debtors, they received weekly telephone calls from Holly Hill demanding immediate payment. According to the male debtor's testimony, the debtors received approximately two phone calls per week, which varied throughout the day. The harassing telephone calls, continuing after Holly Hill received the written

warning from the debtor's counsel, informed the debtors that bankruptcy was futile. These telephone calls, however, ceased in mid–January. The female debtor suffers from mental health issues, which the debtors believed would be eased by the bankruptcy filing. By contrast, Holly Hill's continuous and harassing collection efforts have caused the female debtor to seek additional treatment for recurring conditions. These recurring conditions were the direct result of Holly Hill's conduct and required the debtors to incur additional medical costs to secure further treatment.

The automatic stay, imposed by § 362 of the Bankruptcy Code upon the filing of a bankruptcy petition, prohibits, among other things, "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. 362(a)(6); In re Peterkin, 102 B.R. 50, 53 (Bankr. E.D.N.C. 1989) (emphasizing that the automatic stay is a fundamental protection device, "allowing the debtor a breathing spell from his creditors and permitting him to attempt a repayment or reorganization plan." (citing Budget Serv. Co. v. Better Homes of Va., 804 F.2d 289 (4th Cir. 1986)). Section 362(k) of the Bankruptcy Code provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). Violations of the automatic stay are "willful if the creditor has knowledge of the bankruptcy petition and the act that violates the stay was intentional." In re Forkish, No. 09–06373, 2010 WL 468092, at *2 (Bankr. E.D.N.C. Feb. 10, 2010) (citation and internal quotation marks omitted); see In re Armstrong, 96 B.R. 55, 57 (Bankr. E.D.N.C. 1989) ("It has been held that a violation of the automatic stay is willful where the creditor knows of the debtor's bankruptcy and intentionally engages in acts later found to violate the stay." (citing In re Inslaw, Inc., 83 B.R. 89 (Bankr. D.D.C. 1988)). It is appallingly clear to the court, based on the record and

the undisputed testimony of the male debtor, that Holly Hill flagrantly disregarded the automatic stay by its continuous collection efforts against the debtors.  Holly Hill continually harassed the debtors with collection notices, billing statements and phone calls, despite being aware of the debtors' bankruptcy filing and that any attempt to collect on the prepetition obligation violated the automatic stay.  Holly Hill's willfulness is demonstrated by the increased aggressiveness of their collection efforts following the debtors' bankruptcy filing.

Based on the foregoing, the debtors' motion to show cause why the automatic stay has not been violated and motion for damages and sanctions is **ALLOWED.**  The court finds that Holly Hill's flagrant violations of the automatic stay, despite the warning provided by the debtors' counsel, were willful.  Accordingly the debtors are entitled to sanctions in the amount of $1,000.00 for the billing statements and collection notices the debtors received and sanctions in the amount of $2,500.00 for the harassing telephone calls.  Additional damages of $2,500.00 will be awarded for the costs incurred by the debtors in securing necessary treatment for the female debtor and mental anguish suffered as a result of Holly Hill's oppressive collection efforts.  The debtors' counsel is also entitled to reasonable attorneys' fees of $2,500.00, for filing and prosecuting this motion.  Holly Hill is directed to remit these sanctions, damages and attorneys' fees, totaling $8,500.00, directly to the debtors' counsel within ten days from the date of entry of this order.

**END OF DOCUMENT**